UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: **06-61518**

CIV-MOORE 

MAGISTRATE JUDGE
GARBER

NATIONAL BEVERAGE CORP.,
a Delaware corporation,

   Plaintiff,

vs.

BROWARD COUNTY,
a political subdivision of
the State of Florida,

   Defendant.

_____/

## COMPLAINT

Plaintiff, National Beverage Corp. ("NBC"), by and through undersigned counsel, hereby sues Defendant, Broward County, Florida ("Broward County"), and files this, its Complaint, and states:

### INTRODUCTION

1.   Plaintiff is seeking injunctive relief and monetary damages to remedy the deprivation of rights, privileges and immunities secured by the United States Constitution and laws, pursuant to 42 U.S.C. § 1983.

### JURISDICTION

2.   This case arises under the United States Constitution and the laws of the United States and presents a federal question within this Court's jurisdiction under the United States Constitution and 28 U.S.C. §§ 1331 and 1334 because the matters in controversy arise under the Constitution and laws of the United States; and 28 U.S.C. § 1367. The Court has the authority to

grant declaratory relief and injunctive relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.* Additionally, the Court has authority to award costs and attorneys' fees under 28 U.S.C. § 1988. Additionally, Plaintiff seeks injunctive relief pursuant to Rule 65(a), Fed. R. Civ. P., to enjoin Defendant, Broward County, from demanding and maintaining a list of all individuals who visit and conduct business with NBC.

## VENUE

3. Venue is proper in this Court under 28 U.S.C. § 1391 because Defendant's acts and/or omissions that gave rise to Plaintiff's claims took place within Broward County, Florida, which is situated within the Southern District of Florida.

## PARTIES

4. Plaintiff, NBC, is a Delaware corporation with its principal place of business in Broward County, Florida.

5. Defendant, Broward County, is a political subdivision of the State of Florida.

6. At all times material hereto Defendant was a state actor, acting as a political subdivision under color of state law.

7. NBC is a holding company for various subsidiaries that develop, manufacture, market and distribute a complete selection of cola and multi-flavored soft drinks, juice drinks, water and specialty beverages. NBC operates thirteen (13) manufacturing plants strategically located throughout the United States including one in Miami, Florida and produces many popular brands including Shasta®, Faygo®, Ritz®, Everfresh®, Mr. Pure® and LaCROIX®. NBC generates approximately $500 million in annual revenues and employs over 1800 people in the United States.

2

ROTHSTEIN ROSENFELDT ADLER
Las Olas City Centre, Suite 1650, 401 East Las Olas Boulevard, Fort Lauderdale, Florida 33301

8.  In 1985, NBC established its corporate headquarters at One University Drive in Plantation, Broward County, Florida. Over the years, NBC's corporate office has grown from less than 10 employees to over 60.

9.  NBC is and has always been an ideal corporate citizen, providing many jobs, services and charitable contributions throughout Broward County, Florida. However, as set forth in more detail below, Broward County is impermissibly and unnecessarily creating an environment fraught with hostility in a nefarious attempt to eject NBC from property that it has a legal right to occupy.

10. After occupying the property in question for nearly fourteen (14) years without a written lease, NBC and its landlord determined that they would create a written lease. On May 7, 1999, One University Drive Partnership, Two, as lessor, and NBC, as lessee, executed a written lease (the "Lease").

11. The Lease called for NBC to continue to occupy 21,994 square feet on the fourth floor of Building A. *See* paragraph 1 of the Lease. The Lease had a term running three (3) years commencing on May 1, 1999, and ending on April 30, 2002. *See* paragraph 2 of the Lease.

12. The Lease further provides for successive three-year options at the election of NBC and that the option is exercisable not less than sixty days prior to the end of the original term or any extension thereof. *See* paragraph 47 of the Lease. The Lease further provides that after September 30, 2000, NBC could terminate the Lease on 90 days notice to Lessor. Thus, NBC could occupy the premises until such time that it provided its 90 days notice. Due to the prestige of having NBC as a tenant, as well as the continued exemplary status as a tenant by NBC, the Lease was entered into at a below market rental rate.

3

ROTHSTEIN ROSENFELDT ADLER
Las Olas City Centre, Suite 1650, 401 East Las Olas Boulevard, Fort Lauderdale, Florida 33301

13. Given the longstanding and informal tenancy of NBC in the premises, the prestige of having NBC as a tenant, as well as the continued exemplary status as a tenant, the parties agreed to a handwritten notation at the end of paragraph 46 of the Lease that provided: "The parties agree that all past practices and course of dealing between the parties shall apply to this Lease."

14. For most of the period that NBC occupied the building without a lease, the Internal Revenue Service used most of the remaining space at the facility. The operation of a governmental entity within the premises caused disruption and interruption in use of services at the building and significant outside traffic to the premises. At the time of execution of the Lease, the IRS had announced its intent to move from the facility.

15. As a result of the intrusive nature of occupying property concurrently with a governmental entity, NBC insisted on an addendum that provided, in part:

> 3. Lessor shall use its best efforts to Lease space to non-governmental entities.

In addition, Section 11 of the Lease provides:

> 11. QUIET POSSESSION. Upon payment by LESSEE of the rental herein provided and the prorata expenses, and upon the observance and performance of all terms, provisions, covenants and conditions on LESSEE'S part to be observed and performed, LESSEE shall, subject to all of the terms, provisions, covenants and conditions of this lease agreement, peaceably and quietly hold and enjoy the leased premises for the term hereby demised.

Further, Section 15 of the Lease provides in pertinent part:

> 15. ALTERATIONS AND REPAIRS: ...LESSOR shall be responsible for all maintenance, repairs, and replacements to the structural elements of the Building (including without limitation the roof and foundation) and the HVAC (except LESSEE'S

4

additional unit) electrical, plumbing and mechanical systems serving the premises.

16. Paragraph 35 of the Rules and Regulations attached to the Lease provides in part that:

> LESSOR shall not make any alterations or additions in or to the Leased Premises or the Building(s) which would interrupt or interfere with LESSEE'S use, occupancy, and enjoyment of the Leased Premises.

17. On or about September 2000, Broward County purchased One University Drive for approximately $17 million subject to and with full knowledge of the Lease with NBC. Since that date, Broward County has failed to utilize most of the premises, only occupying a small portion of Building A along with two County commissioners and staff.

18. Immediately after purchasing the property, and up to and including the present, Broward County has desired to remove NBC from the premises without just compensation. In fact, Broward County has repeatedly advised NBC that it was hopeful NBC would vacate the premises and relocate. In December 2000, Broward County even provided information to NBC regarding an alternative property located in the area in the hopes NBC would agree to vacate the premises thereby removing the obligation to seek non-governmental tenants and eliminating NBC's perpetuity rights under the Lease.

19. Upon learning of NBC's desire to maintain its location at the property, a place that it had maintained its corporate headquarters since 1985, Broward County began its unscrupulous and multi-front attack to eject NBC with no regard for NBC's rights under the Lease.

5

ROTHSTEIN ROSENFELDT ADLER
Las Olas City Centre, Suite 1650, 401 East Las Olas Boulevard, Fort Lauderdale, Florida 33301

20. Immediately after Broward County took ownership, the parties exchanged correspondence in which NBC advised Broward County that it was entitled to renew the Lease in perpetuity (Broward County was aware of the provision in the Lease enabling NBC to occupy the space at issue in perpetuity when it purchased the property), while Broward County was seeking to limit NBC's renewal rights to two-three year periods. During this exchange, NBC made it clear that it has no current plans to vacate the premises and would advise Broward County of any plan to vacate by exercising its right to terminate the Lease on 90 days notice to Broward County. In addition during this period, the parties disputed several other matters.

21. In an effort to resolve outstanding issues, NBC and Broward County representatives had a meeting at NBC's office in June 2001. NBC again advised Broward County that it intended to remain in the building and that its renewal options were in perpetuity. Also, Broward County directed that all correspondence with Broward County be delivered to the first floor of the building at the management office by attaching all such correspondence to the clipboard maintained outside of the management office. At the time, Mr. Paul Curry was Broward County's representative at the building. Sometime in the fall of 2001, Ms. Anne Marie Rawlings replaced Mr. Curry. At a meeting following her arrival, Ms. Rawlings instructed NBC to continue to deliver correspondence to the clipboard maintained outside of the management office. Ms. Rawlings was also advised by NBC representatives of its intent to remain in the premises beyond the initial term of the Lease.

22. Following September 11, 2001, Broward County hired security personnel at the facility and Ms. Rawlings then advised NBC that correspondence could be left with the security

6

ROTHSTEIN ROSENFELDT ADLER
Las Olas City Centre, Suite 1650, 401 East Las Olas Boulevard, Fort Lauderdale, Florida 33301

guard who would then place the correspondence inside the management office or NBC could continue to place notices on the clipboard.

23.     Soon thereafter, Broward County implemented a mandatory policy requiring all visitors to NBC to sign-in on Broward County's "sign-in" sheet, listing their name, their business, and with whom they intended to meet at NBC. After an NBC visitor completes this "sing-in" sheet, they are required to wear a "Broward County" badge while on the premises including, without limitation, NBC's office. Further, Broward County installed cameras which film anybody entering the building including, without limitation, NBC's visitors. None of this is suitable to an office building housing a private enterprise.

24.     This "sign-in" sheet and camera recordings are public records readily accessible to all individuals who make a request pursuant to the Florida Public Records Act, § 119.01 *et seq.*, Florida Statutes.

25.     The practice of requiring visitors to "sign-in" when entering the building, filming them and requiring them to wear a "Broward County" badge is ongoing and continuing today.

**COUNT I
DECLARATORY RELIEF FOR VIOLATIONS OF
PLAINTIFF'S FIRST AMENDMENT RIGHT—
<u>FREEDOM OF SPEECH—PURSUANT TO 42 U.S.C. § 1983</u>**

26.     NBC realleges and incorporates herein paragraphs 1 through 25 of the Complaint as if fully set forth herein.

27.     At all times material hereto, Broward County acted under color of law within the meaning of 42 U.S.C. § 1983.

7

ROTHSTEIN ROSENFELDT ADLER
Las Olas City Centre, Suite 1650, 401 East Las Olas Boulevard, Fort Lauderdale, Florida 33301

28. Broward County's requirement that all visitors must "sign-in" and practice of filming them directly violates Plaintiff's free speech rights and Plaintiff's right to associate under the First Amendment.

29. The "sign-in" requirement and filming practice has had a chilling affect on Plaintiff's First Amendment Rights.

30. Individuals are unable to remain anonymous when visiting NBC, and consequently, NBC is unable to keep its business and the individuals with whom it conducts business confidential.

31. Plaintiff, as a publicly traded company, has a necessary need to maintain some level of privacy regarding, but not limited to, possible investors, potential mergers, those it engages in and might engage in business, meeting with various federal agencies, and the like, which could clearly affect NBC if made public. Further, as this is a publicly traded company, the ability to review visitor lists and obtain confidential records could significantly affect or manipulate the value of the stock should someone obtain confidential information in this manner.

32. Pursuant the Florida Public Records Act, § 119.01 *et seq.*, Florida Statutes, any person has the right to request access to Broward County records or information. Specifically, "[i]t is the policy of this state and that all state, county, and municipal records are open to personal inspection and copying by any person. Providing access to public records is a duty of each agency." § 119.01, Fla. Stat.

33. Therefore, any citizen can access the "sign-in" sheet or films, and readily view the names and other information pertaining to any individuals who visit or associate with NBC, which has had a chilling affect on Plaintiff's First Amendment Rights as all visitors are listed on

8

ROTHSTEIN ROSENFELDT ADLER
Las Olas City Centre, Suite 1650, 401 East Las Olas Boulevard, Fort Lauderdale, Florida 33301

a public record, depriving them of anonymity or privacy sometimes required in the world of a publicly traded business.

34. Additionally, as Plaintiff is in ongoing litigation with Broward County, Broward County can now monitor Plaintiff's meetings with its attorneys, witnesses, experts, and the like, in derogation of decades of protection afforded to the attorney-client relationship.

35. Plaintiff has no adequate remedy at law as damages could not been specifically ascertained to determine the widespread invasion of privacy and subsequent harms that naturally will result.

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Declare Defendant's practice to be unconstitutional in violation of the First Amendment;

b. Award Plaintiff's compensatory damages;

c. Permanently enjoin Defendant from maintaining visitor "sign-in" sheets;

d. Award Plaintiff fees and costs pursuant to 28 U.S.C. § 1988; and

e. Grant such other and further relief as this Court deems just and proper.

## COUNT II
### DECLARATORY RELIEF FOR VIOLATIONS OF PLAINTIFF'S FIRST AMENDMENT RIGHT— FREEDOM OF ASSOCIATION—PURSUANT TO 42 U.S.C. § 1983

36. NBC realleges and incorporates herein paragraphs 1 through 25 of the Complaint as if fully set forth herein.

37. At all times material hereto, Broward County acted under color of law within the meaning of 42 U.S.C. § 1983.

ROTHSTEIN ROSENFELDT ADLER
Las Olas City Centre, Suite 1650, 401 East Las Olas Boulevard, Fort Lauderdale, Florida 33301

38.     Broward County's requirement that all visitors must "sign-in" and practice of filming them directly violates Plaintiff's free speech rights and Plaintiff's right to associate under the First Amendment.

39.     The "sign-in" requirement and film practice has had a chilling affect on Plaintiff's First Amendment Rights, as individuals are unable to remain anonymous when visiting NBC, and consequently, NBC is unable to keep its business and the individuals with whom it conducts business confidential. Thus, the "sign-in" requirement and film practice violates recent reforms instituted to prevent securities fraud and stock price manipulation.

40.     Further, pursuant the Florida Public Records Act, § 119.01 *et seq.*, Florida Statutes, any person has the right to request access to Broward County records or information. Specifically, "[i]t is the policy of this state and that all state, county, and municipal records are open to personal inspection and copying by any person. Providing access to public records is a duty of each agency." § 119.01, Fla. Stat.

41.     Therefore, any citizen can access the "sign-in" sheet or films, and readily view the names of the individuals who visited or associated with NBC, which has had a chilling affect on Plaintiff's First Amendment Rights, depriving Plaintiff of its ability to associate with any and all groups it desires without the constant monitoring of its actions by Broward County, and further, without the identity of its visitors being available to all that inquire.

42.     Due to Broward County's improper intrusions, Plaintiff has been and will continue to be irreparably harmed. Plaintiff, as a publicly traded company, has a necessary need to maintain some level of privacy regarding, but not limited to, possible investors, potential mergers, those it engages in and might engage in business, meetings with various federal and

10

ROTHSTEIN ROSENFELDT ADLER
Las Olas City Centre, Suite 1650, 401 East Las Olas Boulevard, Fort Lauderdale, Florida 33301

other agencies, and the like, which could clearly affect NBC if made public. Further, as this is a publicly traded company, the ability to review visitor lists and obtain confidential records could significantly affect the value of the stock should someone obtain confidential information in this manner.

43. Additionally, as Plaintiff is in ongoing litigation with Broward County, Broward County can now monitor Plaintiff's meetings with its attorneys, witnesses, and experts, in derogation of decades of protection afforded to the attorney-client relationship.

44. Therefore, Plaintiff's ability to associate with whomever it chooses has been and continues to be infringed upon by Broward County.

45. Plaintiff has no adequate remedy at law as damages cannot be specifically ascertained to determine the widespread invasion of privacy resulting in an infringement of its freedom of association and subsequent harms that naturally will result.

WHEREFORE, Plaintiff respectfully requests that this Court:

   a. Declare Defendant's practice to be unconstitutional in violation of the First Amendment;

   b. Award Plaintiff compensatory damages;

   c. Permanently enjoin Defendant from maintaining visitor "sign-in" sheets;

   d. Award Plaintiff fees and costs pursuant to 28 U.S.C. § 1988; and

   e. Grant such other and further relief as this Court deems just and proper.

11

ROTHSTEIN ROSENFELDT ADLER
Las Olas City Centre, Suite 1650, 401 East Las Olas Boulevard, Fort Lauderdale, Florida 33301

## COUNT III
### DECLARATORY RELIEF FOR VIOLATIONS OF PLAINTIFF'S FOURTH AMENDMENT RIGHT OF PRIVACY PURSUANT TO 42 U.S.C. 1983

46. NBC realleges and incorporates herein paragraphs 1 through 25 of the Complaint as if fully set forth herein.

47. At all times material hereto, Broward County acted under color of law within the meaning of 42 U.S.C. § 1983.

48. Broward County's requirement that all visitors must "sign-in" and filming them directly violates Plaintiff's privacy rights under the Fourth Amendment.

49. The "sign-in" requirement and film practice has and continues to violate Plaintiff's Fourth Amendment Rights.

50. Individuals are unable to remain anonymous when visiting NBC, and consequently, NBC is unable to keep its business and the individuals with whom it conducts business confidential.

51. Further, pursuant to the Florida Public Records Act, § 119.01 *et seq.*, Florida Statutes, any person has the right to request access to Broward County records or information. Specifically, "[i]t is the policy of this state and that all state, county, and municipal records are open to personal inspection and copying by any person. Providing access to public records is a duty of each agency." § 119.01, Fla. Stat.

52. Therefore, any citizen can access the "sign-in" sheet or films, and readily view the names of the individuals who visit NBC, which violates Plaintiff's Fourth Amendment Rights.

12

ROTHSTEIN ROSENFELDT ADLER
Las Olas City Centre, Suite 1650, 401 East Las Olas Boulevard, Fort Lauderdale, Florida 33301

53. Further, during the course of its ownership of One University Drive, Broward County has altered the environment at the property, converting an atrium into a walkway.

54. The walkway now leads Broward County's employees, as well as the general public, past Plaintiff's offices including, but not limited to, Plaintiff's general counsel's office.

55. The conversion of the atrium into a walk way is intrusive, in that it allows Broward County's employees and the general public to impermissibly peer into Plaintiff's offices.

56. In essence, Broward County has converted the property in such a way to allow it the ability to monitor Plaintiff's employees, invitees and agents.

57. Broward County's conversion of the atrium into a walk way violates Plaintiff's fundamental constitutional right of privacy.

58. Further, Broward County's conversion of the atrium into a walkway is an unreasonable intrusion into Plaintiff's fundamental constitutional right of privacy.

59. Due to Broward County's improper intrusions, Plaintiff has been and will continue to be irreparably harmed. Plaintiff, as a publicly traded company, has a necessary need to maintain some level of privacy regarding, but not limited to, possible investors, potential mergers, those it engages in and might engage in business, meeting with various federal and other agencies, and the like, which could clearly affect NBC if made public. Further, as this is a publicly traded company, the ability to review visitor lists and obtain confidential records could significantly affect the value of the stock should someone obtain confidential information in this manner.

13

ROTHSTEIN ROSENFELDT ADLER
Las Olas City Centre, Suite 1650, 401 East Las Olas Boulevard, Fort Lauderdale, Florida 33301

60. Additionally, as Plaintiff is in ongoing litigation with Broward County, Broward County can now monitor Plaintiff's meetings with its attorneys, witnesses, experts, and the like.

61. Broward County's actions have infringed on Plaintiff's reasonable expectations of privacy.

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Declare Defendant's practice to be unconstitutional in violation of the Fourth Amendment;

b. Award Plaintiff compensatory damages;

c. Permanently enjoin Defendant from maintaining visitor "sign-in" sheets;

d. Award Plaintiff fees and costs pursuant to 28 U.S.C. § 1988; and

e. Grant such other and further relief as this Court deems just and proper.

## COUNT IV
## INJUNCTIVE RELIEF

62. Plaintiff realleges and incorporates herein paragraphs 1 through 25 of the Complaint as if fully set forth herein.

63. The "sign-in" sheets require that any individual visiting NBC must state their name, business and with whom they intended to meet at NBC.

64. NBC's business has been damaged and will continue to be damaged as a result of Plaintiff's continuous violations of both the First, Fourth, and Fourteenth Amendments because it has had a chilling affect on the number business associates willing to meet at Plaintiff's place of business, it potentially allows for securities fraud as stock traders could request NBC's weekly "sign-in" sheet or films of NBC's visitors, and it violates NBC's right to privacy.

14

ROTHSTEIN ROSENFELDT ADLER
Las Olas City Centre, Suite 1650, 401 East Las Olas Boulevard, Fort Lauderdale, Florida 33301

65. As a result of the "sign-in" sheet and film practice NBC has suffered and will suffer irreparable damages for which there is no adequate remedy at law.

WHEREFORE, NBC respectfully requests that this Court pursuant to Rule 65(a), Fed. R. Civ. P., enter a temporary injunction, thereafter made permanent, enjoining Broward County from maintaining a "sign-in" sheet, precluding Broward County from filming NBC's visitors, award to NBC its reasonable attorneys' fees and costs, and granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

NBC demands a jury trial on all issues so triable.

> Respectfully submitted,
>
> ROTHSTEIN ROSENFELDT ADLER
> 401 East Las Olas Boulevard, Suite 1650
> Fort Lauderdale, Florida 33301
> TEL: (954) 522-3456
> FAX: (954) 527-8663
>
> By: _____
> Scott W. Rothstein, Esq.
> Florida Bar No.: 765880

H:\swrdocs\05-10617\ComplaintInvasoin.doc

15

ROTHSTEIN ROSENFELDT ADLER
Las Olas City Centre, Suite 1650, 401 East Las Olas Boulevard, Fort Lauderdale, Florida 33301

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I(a) PLAINTIFFS** – NATIOINAL BEVERAL CORPORATION, a Delaware corporation

**DEFENDANTS** – BROWARD COUNTY, a political subdivision of the State of Florida

MAGISTRATE JUDGE GARBER

CIV-MOORE

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF (EXCEPT IN U.S. PLAINTIFF CASES) – BROWARD

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT (IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) SCOTT W. ROTHSTEIN, ESQ. ROTHSTEIN ROSENFELDT ADLER, LAS OLAS CITY CENTRE, 401 E. LAS OLAS BOULEVARD, SUITE 1650, FT. LAUDERDALE, FLORIDA 33301 TELEPHONE: 954-522-3456

ATTORNEYS (IF KNOWN)

06-61518

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, **BROWARD**, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN X IN ONE BOX ONLY)

- ☐ 1. U.S. Government Plaintiff
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Case Only) (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporation and Principal Place of Business in This State | ☐ 1 | ☐ 1 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporation and Principal Place of Business in Another State | 2 | 2 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 3 | ☐ 3 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

**IVa.** __3__ days estimated (for both sides) to try entire case   42 U.S.C. § 1983

**NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| A CONTRACT | A TORTS | B FORFEITURE PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 States Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane  ☐ 362 Pers. Injury-Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability  ☐ 365 Personal Injury-Prod. Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **A PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | | | |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander  ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. B |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability  **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (excl Veterans) B | ☐ 340 Marine  ☐ 370 Other Fraud | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits B | ☐ 345 Marine Product Liability  ☐ 371 Truth in Lending B | ☐ 660 Occupational Safety/Health | **B SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholder's Suits | ☐ 350 Motor Vehicle  ☐ 380 Other Personnel Property Damage | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities /Commodities /Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability  ☐ 385 Property Damage Product Liability | **A LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury  ☐ | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **B PRISONER PETITIONS** | ☐ 720 Labor Management Relations B | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 730 Labor Management Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure B | ☐ 442 Employment | ☐ 530 General* | ☐ 740 Railway Labor Act | **A FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other* | ☐ 791 Employee Ret. Inc. Security Act B | ☐ 871 IRS-Third Party 26b USC 7609 | ☐ 900 Appeal of Fee Determination under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights *A or B | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | | | | | ☒ 890 Other Statutory Actions* *A or B |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)
- ☒ 1. Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Refiled
- ☐ 5. Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7. Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A ☐ UNDER F.R.C.P.23   CLASS ACTION - No   DEMAND $ Undetermined   ☐ Check YES only if demanded in complaint   JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY**   (See Instructions):   JUDGE   DOCKET NUMBER

DATE October 6, 2006   SIGNATURE OF ATTORNEY OF RECORD

Scott W. Rothstein, Esquire

UNITED STATES DISTRICT COURT
S/F 1-2
REV. 9/94

FOR OFFICE USE ONLY: Receipt No. _____   Amount _____
Date Paid: _____   M/ifp: _____

FTL/LINP/266449/5pld01!.DOC/10/06/06/26094.010400